**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YARITZA RODRIGUEZ,**

    **Plaintiff,**

v.                            **CASE NO.:**

**EXPRESS SCRIPTS PHARMACY, INC,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, YARITZA RODRIGUEZ, by and through undersigned counsel, brings this action against Defendant, EXPRESS SCRIPTS PHARMACY, INC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C.A. § 2000(e)(K), and the Americans with Disability Act, 42 U.S.C.A. §§ 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. The Court has pendent jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which is in this district.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida, and she worked in Orange County for Defendant.

5. Defendant operates a pharmacy benefit management organization in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

10. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

11. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

12. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

13. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

15. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

## FACTS

16. Plaintiff began working for Defendant on or around December 4, 2013.

17. In March 2019, Plaintiff learned she was pregnant and was later diagnosed as a high-risk pregnancy due to gestational diabetes.

18. Plaintiff's diagnosis required the care of a specialist, increased appointments, and rest when needed.

19. Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

20. Plaintiff informed her then supervisor, Cky Barrios, ("Barrios"), that she would require medical leave due to complications arising from her pregnancy. However, Barrios' response was that he needed to contact Human Resources ("HR").

21. In August 2019, Defendant made changes to supervisors and Devin DeBolt ("DeBolt") became Plaintiff's supervisor.

22. Plaintiff informed DeBolt that she was experiencing a high-risk pregnancy and that Barrios had started an FMLA leave request.

23. DeBolt told Plaintiff that she had no knowledge of the FMLA request and instructed Plaintiff to use her paid-time-off ("PTO").

24. DeBolt did not provide any information on FMLA, how to apply for FMLA, or refer Plaintiff to HR regarding her FMLA request.

25. Plaintiff, uneasy about exceeding her PTO, pused back on DeBolt's instructions and again asked DeBolt to check on her FMLA request.

26. Several weeks later, DeBolt told Plaintiff that Defendant did not have any information on her pregnancy or FMLA request and, again, instructed to rely solely on her PTO.

27. Plaintiff then followed up directly with HR and received the FMLA paperwork on or about September 2019 and had her physician complete the paperwork.

28. On or about September 11, 2019, Plaintiff submitted her FMLA request and certification to HR.

29. On the very same day, September 11, 2019, DeBolt sent a direct message on Defendant's internal messaging system inquiring if Plaintiff had made an FMLA request.

30. Plaintiff confirmed to DeBolt that she had indeed made an FMLA request and DeBolt responded that Plaintiff still had PTO available and commended Plaintiff for her outstanding work performance.

31. Also on September 11, 2019, Plaintiff attended her weekly team meeting and both she and her co-workers raised a repeating issue with Defendant's post-call surveys. Specifically, Paintiff informed DeBolt that during patient calls and pharmacist consultations, the Defendant's survey would interrupt the conversation and the patient and Plaintiff can hear the survey in the background. When that happens there is no way to disconnect the survey without pressing the button in the phone dial pad. After months of reporting this issue to DeBolt and Defendant's management, no other solutions were offered.

32. On or about September 12, 2019, Plaintiff was contacted by Defendant's manager under the guise of wanting to know more about the issue with the surveys and they invited Plaintiff to speak with them. Believing it would assist in Defendant coming up with a solution, Plaintiff did so especially since DeBolt was completely aware of how the employees were handling Defendant's unresolved survey glitch.

33. On or about September 19, 2019, Plaintiff's employment under the pretext of manipulating the survey even though Plaintiff reported Defendant's glitch to them and had to press a button to disconnect the survey.

34. Plaintiff exercised her rights under the FMLA by seeking leave pursuant to her physician's orders.

35. By Defendant's interference with Plaintiff's request and ultimately terminating Plaintiff only eight days after Defendant's HR received her FMLA certification paperwork, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

36. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 10-11, and 16-35 of this Complaint, as fully set forth herein.

37. Plaintiff required time off from work to care for herself, because she suffered complications due to her pregnancy which constituted a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. By interfering with Plaintiff's requests for protected leave and ultimately terminating Plaintiff for pre-textual reasons, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II – FMLA RETALIATION

41. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-8, 10-11, and 16-35 of this Complaint, as fully set forth herein.

42. Plaintiff required time off from work to care for herself, because she suffered complications due to her pregnancy which constituted a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

44. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment only eight days after requesting the medical leave.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT III – TITLE VII VIOLATION
### (DISPARATE TREATMENT)

47. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 12-13, and 16-35 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class under Title VII due to her sex and pregnancy.

49. Plaintiff was subjected to disparate treatment due to her sex and pregnancy by not being afforded the opportunity to apply for FMLA leave, being subject to discipline for actions that were made with her supervisor's knowledge and consent, and ultimately being fired for pre-textual reasons when in reality she was terminated because she was a pregnant female.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

52. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 12-13, and 16-35 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under Title VII because of her sex and pregnancy.

54. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII. Specifically, when Plaintiff complained to DeBolt that she had requested FMLA and was not being afforded the opportunity to apply, when others who were not pregnant but in need of FMLA were allowed to apply, Plaintiff made her complaints of disparate treatment known to Defendant.

55. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff.

56. Defendant's actions were willful and done with malice.

57. In terminating Plaintiff, Defendant took material adverse action against Plaintiff.

58. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

    f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)    Front pay;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

59. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 14, 16-35 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. Plaintiff was subjected to disparate treatment on the basis of her pregnancy and on the basis of her handicap, disability, and/or perceived handicap/disability because of her pregnancy.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

64. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 14, and 16-35 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. Plaintiff exercised or attempted to exercise her rights under the FCRA, thereby engaging in protected activity under the FCRA. Specifically, when Plaintiff complained to DeBolt that she had requested FMLA and was not being afforded the opportunity to apply, when others who were not pregnant or had disabling conditions due to pregnancy but in need of FMLA were allowed to apply, Plaintiff made her complaints of disparate treatment known to Defendant.

67. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

68. Specifically, Defendant terminated her employment as Plaintiff's pregnancy progressed to the third trimester.

69. Defendant's actions were willful and done with malice.

70. Defendant took material adverse action against Plaintiff.

71. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)     Front pay;

    g)     Any other compensatory damages, including emotional distress, allowable at law;

    h)     Punitive damages;

    i)     Prejudgment interest on all monetary recovery obtained.

    j)     All costs and attorney's fees incurred in prosecuting these claims; and

    k)     For such further relief as this Court deems just and equitable.

### COUNT VII – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

72. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 16-35 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class under the ADA.

74. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

75. Specifically, Defendant had knowledge of Plaintiff's disability and refused her attempts to secure leave in excess of Defendant's PTO policies to protect her job and then terminated Plaintiff from her employment and denied her the benefits of Defendant's progressive discipline policy.

76. Defendant's actions were willful and done with malice.

77. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

      j)      All costs and attorney's fees incurred in prosecuting these claims; and

      k)      For such further relief as this Court deems just and equitable.

## COUNT VIII – ADA RETALIATION

78. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 16-35 of this Complaint, as though fully set forth herein.

79. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

80. Plaintiff engaged in protected activity under the ADA by seeking to request leave in excess of Defendant's PTO policies to protect her job and then terminated Plaintiff from her employment when she continued her requests after her DeBolt discouraged her from doing so.

81. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment for a pre-textual reason.

82. Defendant's actions were willful and done with malice.

83. The adverse employment action that Defendant took against Plaintiff was material.

84. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

      ***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 15th day of January 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**